COURT OF CHANCERY
OF THE
STATE OF DELAWARE

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: March 3, 2025
Date Decided: March 11, 2025

Jaclyn Quinn, Esquire
DCRAC Law
600 South Harrison Street
Wilmington, DE 19805

Dean A. Campbell, Esquire
Law Office of Dean A. Campbell, P.A.
703 Chestnut Street
Milton, DE 19968

RE:     *Cynthia H. Hall and Shelley I. Carter v. Beverly A. Mundy, et al.*,
        C.A. No. 2023-0253-BWD

Dear Counsel:

This letter opinion denies Defendants' motion for reargument under Court of
Chancery Rule 59(f) (the "Motion for Reargument").

On January 8, 2025, the Court issued a post-trial memorandum opinion in this
action (the "Memorandum Opinion").[1] *See Hall v. Mundy*, 2025 WL 48157 (Del.
Ch. Jan. 8, 2025) [hereinafter Mem. Op.]. As detailed in the Memorandum Opinion,
Plaintiffs have challenged intestate transfers through which real property belonging
to the late Mariah Jane Walters—who they contend was their paternal
grandmother—purportedly passed to Mariah's only surviving child, Chester George

---

[1] Undefined capitalized terms have the same meanings as in the Memorandum Opinion. I
write for the parties, who are familiar with the dispute. A reader in search of additional
context will find a detailed recitation of the relevant background in the Memorandum
Opinion.

Walters Jr., and then to Mariah's sister, Frances Mason, and later to Frances's heirs.

At trial, Plaintiffs proved by a preponderance of the evidence that Mariah's predeceased son, Joshua Harry Walters, was their father, such that they inherited an interest in the Property. The Memorandum Opinion also concluded that Defendants failed to establish that Plaintiffs' claim to quiet title was barred by the equitable doctrine of laches. *Id.* at *4–5.

Defendants filed the Motion for Reargument on January 9, 2025. *See* Mot. for Rearg. [hereinafter Mot.], Dkt. 50.[2] "On a motion for reargument, the movant bears a heavy burden." *Biocomposites GmbH v. Artoss, Inc.*, 2024 WL 2151937, at *1 (Del. Ch. May 14, 2024) (quoting *Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 5092894, at *1 (Del. Ch. Oct. 10, 2019)). "To succeed and obtain reargument, the moving party must demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law." *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (quoting *Forsyth v. ESC Mgmt. Co. (U.S.), Inc.*, 2007 WL 3262205, at *1 (Del.Ch. Oct. 31, 2007)), *aff'd*, 2009 WL 3338094 (Del. 2009) (TABLE). "[R]eargument motions may not be used

---

[2] Plaintiffs filed an opposition to the Motion for Reargument on February 11. Pls.' Response to Defs.' Mot. for Reargument, Dkt. 53. Defendants filed a reply in further support of the Motion for Reargument on March 3. Defs.['] Reply in Supp. of Defs.['] Mot. for Re-Argument [sic], Dkt. 54.

. . . to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought." *Standard Gen. Master Fund L.P. v. Majeske*, 2018 WL 6505987, at *1 (Del. Ch. Dec. 11, 2018) (citing 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2810.1 (2005)).

The Motion for Reargument fails because it does not identify any material fact that the Court misapprehended or any law that the Court misapplied. Instead, it raises new arguments and repeats arguments Defendants failed to explain in post-trial briefing.

First, Defendants argue that the Court erred by "failing to discuss Plaintiff[s'] delay of more than forty (40) years." Mot. ¶ 2. The Court did not misapprehend the length of Plaintiffs' purported "delay." The Memorandum Opinion acknowledged Defendants' argument that "there were multiple filings with the Sussex County Register of Wills" dating back to 1975 "'which omitted Joshua Walters as an heir to Mariah Walters' Estate'" and instead "'pointed ownership of the Subject Property to Franc[e]s Mason[,]' yet Plaintiffs never took action to confirm that the Property had passed to them through intestate succession . . . ." Mem. Op. at *5 (quoting DAB at 12). But the Memorandum Opinion rejected that argument, explaining that:

> In fact, Plaintiffs did not fail to assert their rights; rather, they "believed the property was considered 'heirs property' and that they did not need to act." Neither Frances nor her heirs ever executed and recorded a deed transferring ownership of the Property, making it reasonable for

> Plaintiffs to believe they were among the heirs with an ownership interest in the Property.
>
> Defendants contend that Plaintiffs should have known their rights to the Property were in dispute because filings with the Register of Wills identified Chester Jr., and then Frances, as the "beneficiary" of the Property. But the Property passed directly to Mariah's heirs, including Plaintiffs, upon her death—incorrect estate filings did not, and could not, change that fact. At best, the Register of Wills filings could have put Plaintiffs on notice that Defendants might challenge their ownership interest; but on the other hand, Frances's heirs similarly took no action to protect their own rights, including by recording a deed to the Property.

*Id.* at \*5–6 (citing *Mitchell v. Dorman*, 2004 WL 117580, at \*4 (Del. Ch. Jan. 16, 2004) (rejecting a laches defense where "it was reasonable for [plaintiff] to assume that her rights in the [subject property] were secure, and there was no reason for her to bring a suit to quiet title or take any other action to assert her rights"), *aff'd*, 860 A.2d 810 (Del. 2004)) (footnotes omitted) (citation omitted). In other words, the Court did not misapprehend the length of Plaintiffs' "delay," but instead found that Plaintiffs did not unreasonably delay because they reasonably believed that they did not need to act to secure their rights in the Property.

Defendants contend that the Court misapplied the law by failing to consider Delaware's adverse possession statutes,[3] which, according to Defendants, provide

---

[3] *See* 10 *Del. C.* §§ 7901, 7902.

the "analogous statute of limitations." Mot. ¶ 4. Defendants' post-trial briefing included little more than a conclusory sentence asserting that "the claims are precluded by 10 *Del. C.* §§ 7901 and 7902," with citation to those statutes. DAB at 13. Defendants now argue that Register of Wills filings gave them "legal record title" to the Property.[4] Even if that were true,[5] it is unclear why the adverse possession statutes would preclude Plaintiffs' claim to quiet title without Defendants first proving that the elements of adverse possession—"open, notorious, hostile, exclusive, adverse possession of land continuously for the prescribed period"—were satisfied. *Tumulty v. Schreppler*, 132 A.3d 4, 23 (Del. Ch. 2015); *see also, e.g.*, *Biddle v. Scowdrick*, 1997 WL 382988, at *3 (Del. Ch. June 20, 1997) (finding plaintiffs established their ownership of property where they "acted as the true owners of these properties for more than twenty years" such that "[u]nder State law, there is no one who can now challenge their ownership").

---

[4] Notably, Defendants' post-trial briefing does not use this phrase. Instead, it makes a single passing reference to "record title." *See* DAB at 1.

[5] In fact, Register of Wills filings did not identify which "heirs" purportedly owned the Property until September 8, 2023—*after* this action was filed—when Chavez filed a petition for authority to act as personal representative of Frances's estate. Mem. Op. at *7. That filing falsely identified Chavez and his sisters Beverly and Rosalyn as Frances's only "next of kin." *See id.* at *3; DX 14. The trial record indicates Frances has several other "next of kin." DX 14 (defining "next of kin" as "[n]earest relative of decedent, by [m]arriage, blood relationship or legal adoption"); *see* Mem. Op. at *1, app. (Mason Family chart).

Finally, Defendants assert that the Court misapprehended the law by applying the incorrect standard of proof. Defendants now contend that Plaintiffs were required to prove their claims by clear and convincing evidence, but they argued in post-trial briefing that the standard of proof was preponderance of the evidence. *See* DAB at 4, 6, 14. Because Defendants never raised this argument, it is waived. *See, e.g.*, *IAC Search, LLC v. Conversant LLC*, 2017 WL 3500244, at *1 (Del. Ch. Jan. 13, 2017) (finding, on a motion for reargument, that arguments the movant "failed to make before" were waived).

In short, the Motion for Reargument does no more than raise new arguments that are waived and restate arguments that Defendants previously failed to explain. "A skeletal 'argument[,]' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Motion for Reargument is DENIED.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:     All counsel of record (by File & ServeXpress)